NO. 07-10-0115-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 FEBRUARY 2, 2011
 ______________________________

 GAVINO DURON, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY;

 NO. C-1-CR-08-500442; HONORABLE ELISBETH EARLE, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 ABATEMENT AND REMAND
Following a plea of not guilty, Appellant, Gavino Duron, was convicted by a jury of assault. Punishment was assessed by the trial court at 250 days confinement in county jail. After the record and briefs were filed in this case, it came to this Court's attention that the Trial Court's Certification of Defendant's Right of Appeal contained in the clerk's record does not have any of the options marked. Consequently, the certification is defective. See Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).
Therefore, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper Trial Court's Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. See Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to this Court for further action. See Tex. R. App. P. 25.2(d). 
It is so ordered.
 Per Curiam
Do not publish.